OSBORN FULLER V. THE STATE.

No. 10938.   Delivered June 15, 1927.

**Assault to Murder—Bills of Exception—In Question and Answer Form—Cannot Be Considered.**

The only bills of exception in this record are in question and answer form, and cannot be considered. No error appearing in the record the judgment is affirmed.

Appeal from the District Court of Galveston County. Tried below before the Hon. C. G. Dibrell, Judge.

Appeal from a conviction for an assault to murder, penalty five years in the penitentiary.

The opinion states the case.

*Thos. C. Turnley* of Houston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is assault with intent to murder, punishment fixed at confinement in the penitentiary for a period of five years.

The evidence shows that the appellant shot and wounded W. L. Wiggins, the alleged injured party. The testimony supports the state's theory that the assault was neither justifiable nor excusable. The appellant's testimony raised the issue of self-defense on apparent danger.

No complaints of the manner in which the issues were submitted to the jury in the charge of the court are presented for review.

There is a bill of exceptions which is wholly in the form of a transcription of the stenographer's notes. It relates to an objection to the qualification of an expert witness to answer questions which are claimed to be leading and suggestive. If the bill could be considered, it fails to show any erroneous or prejudicial matter.

Bill No. 2 is likewise in question and answer form. It is accompanied by no surrounding facts which would afford any means of appraising the alleged error even if properly presented It seems that upon cross-examination of the appellant he was asked if he did not pull a gun on Clyde Rimes. The objection was sustained to the question, and no answer was given. The court immediately instructed the jury to disregard it.

Finding no error in the record, we order the judgment affirmed.                                      *Affirmed.*